54900 Findings of Fact and Conclusions of Law

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:  
    Kevin R. James

    Debtor.

Beverly Bus Garage Federal Credit Union  
    Plaintiff,  
  v.  
Kevin R. James,

    Defendant.

Chapter 13  
Case No. 17-23577

Judge Schmetterer

Adv. No. 17-508



### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor Kevin R. James ("Defendant") filed his petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff, Beverly Bus Garage Federal Credit Union ("Plaintiff") instituted the above entitled Adversary Proceeding seeking determination of non-dischargeability of debt against Defendant under 11 U.S.C. §§ 523, § 523(a)(2)(A) and § 523(a)(2)(B).

### FINDINGS OF FACT

1. Plaintiff is a not-for-profit Credit Union located in Illinois.

2. Defendant is an individual currently residing in Chicago, Illinois.

3. On August 4, 2017, the Defendant applied for and became indebted to the Plaintiff pursuant to a note (the "Note") in the amount of $5,926.16.

4. The Note provided for the Defendant to pay costs of collection including reasonable attorneys' fees and costs applying to bankruptcy proceedings.

5. As part of the standard process for qualifying for credit, the Plaintiff required the Defendant to complete a credit application (the "Credit Application").

6. The Defendant stated on the Credit Application that his monthly gross income was $5,251.20.

7. Additionally, the Credit Application asked if the Defendant had any outstanding judgments or whether he had ever filed for bankruptcy, had a debt adjustment plan confirmed under chapter 13, had property foreclosed upon or repossessed in the last 7 years, or been a party to a lawsuit, to which the Defendant replied no to all.

8. Three days after applying for the Note, on August 7, 2017, the Defendant met with a bankruptcy attorney, signed a retainer agreement, and made a payment to the bankruptcy attorney in anticipation of filing for bankruptcy protection.

9. On August 8, 2017, the Defendant voluntarily filed for relief under Chapter 13 of the United States Bankruptcy Code.

10. The Defendant's bankruptcy schedule I states that his monthly gross income is $3,989.96, a 25% difference from his statement on the Credit Application.

11. The Defendant did not make a payment on the note and currently remains indebted to the Credit Union the amount of $5,926.16.

12. On or about October 4, 2017, the Plaintiff filed this adversary case seeking a determination of dischargeability under 11 U.S.C. §523(a)(2)(A) and (a)(2)(B).

13. On October 4, 2017, the Credit Union served a copy of the Summons and Complaint on the Defendant and the Defendant's bankruptcy attorney.

14. The Defendant did not file a response or otherwise plead to the Plaintiff's Complaint.

15. There was no change in the Defendant's financial circumstance between the time the Defendant requested the funds and the time he filed his bankruptcy petition. There was no job loss and no sudden or unexpected financial hardship.

16. The Plaintiff extended the loan as a result of a representation that the Defendant intended to repay the debt.

17. The Credit Union reasonably relied upon the Defendant's representations regarding his financial condition when it approved his Credit Application.

## JURISDICTION AND VENUE

18. Jurisdiction lies over this proceeding under 28 U.S.C. § 1334(b), and the proceeding has been referred here by Internal Operating Procedure IOP15 of the District Court. The Complaint seeks to determine dischargeability of debt and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I).

19. Venue is properly placed in this court under 28 U.S.C. § 1409(a).

## CONCLUSIONS OF LAW

20. As of August 8, 2017, the Defendant remains indebted to Plaintiff in the sum of $5,926.16 plus attorneys' fees and costs.

21. The Defendant signed the note and received the funds from the Credit Union four days before he filed his Chapter 13 case.

22. The Defendant did not reasonably believe he would repay the debt when he entered into the Note with the Plaintiff.

23. The Defendant made material misrepresentations on his Credit Application, on which the Plaintiff reasonably relied.

24. Pursuant to Federal Rule of Bankruptcy Procedure 7055(b), the Defendant is hereby defaulted as he was properly served, has not filed an answer, nor has he responded to Plaintiff's Complaint.

25. Pursuant to 11 U.S.C. 523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by false representations.

26. Pursuant to 11 U.S.C. 523(a)(2)(B) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by a false writing.

27. Defendant's debt to Plaintiff is excepted under 11 U.S.C. §523, from any discharge granted the defendant in the underlying bankruptcy case.

Enter: *[signature]*

Dated: *[signature]*

DEC - 4 2017

12/4/17

PREPARED BY:
TRUNKETT & TRUNKETT, P.C.
Attorneys for Plaintiff
20 N. Wacker Drive, Suite 1434
Chicago, Illinois 60606
(312) 324-3101
Caroline Hasten: 6316656

4